## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ricardo Nieves, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| City of Reading, Pennsylvania, | : | Civil Action No. _____ |
| Vaughn Spencer, in his Official Capacity as | : | |
| Mayor of the City of Reading and in his | : | |
| Individual Capacity, | : | **JURY TRIAL DEMANDED** |
| William Heim, in his Official Capacity as | : | |
| Chief of the Reading Police Department | : | |
| And in his Individual Capacity, | : | |
| Pacific Institute for Research & Evaluation, | : | |
| John Doe, an Adult Individual, and | : | |
| Jane Doe, an Adult Individual, | : | |
| | : | |
| Defendants. | : | |

### <u>Complaint</u>

### Introduction

This action challenges as illegal and unconstitutional the City of Reading's policy of effectuating systematic stops of innocent motorists without court warrant, probable cause or even reasonable suspicion to believe that such motorists have committed a crime or violation of the Vehicle Code.

### PARTIES

1.  Plaintiff Ricardo Nieves ("Nieves") is an adult individual maintaining a principal residence at 2256 Northmont Boulevard, City of Reading, Berks County, Pennsylvania 19605.

2.  Defendant City of Reading is a political subdivision of the Pennsylvania and physically situate in Berks County.

3.     Defendant Vaughn Spencer is the Mayor of the City of Reading.  In such capacity he serves as the highest government official who oversees the operations of the Reading Police Department ("Department") and sets policy for the Department.  Defendant Spencer is sued in his official and individual capacities.

4.     Defendant William Heim is the chief of the Reading Police Department.  In such capacity Heim serves as the overseer of day-to-day operations of the Department.  Defendant Heim is sued in his official and individual capacities.

5.     The Pacific Institute for Research and Evaluation ("PIRE") is a corporation maintaining a principal place of business at Calverton Office Park, 11720 Beltsville Drive, Suite 900, Calverton, MD 20705-3111.

6.     John Doe is an adult individual who at all times relevant hereto acted in his capacity as an employee or authorized agent of PIRE.

7.     Jane Doe is an adult individual who at all times relevant hereto acted in her capacity as an employee or authorized agent of PIRE.

## JURISDICTION AND VENUE

8.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343, conferring original jurisdiction upon the various district courts of the United States for civil actions authorized by law to be commenced by any person to recover damages under any Act of Congress providing for the protection of civil rights, including conspiracies in violation thereof.  This suit is authorized pursuant to 42 U.S.C. §§ 1983 and 1985 and Pennsylvania state law.

9.     An award of costs and attorney's fees is authorized pursuant to 42 U.S.C. § 1988.

10.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because the Eastern District of Pennsylvania is the district in which a substantial part of the events or omissions

giving rise to the claim occurred.

11.     Plaintiff seeks relief that is equitable and declaratory in nature.  This case is consequently not subject to arbitration.

## FACTS

12.     The allegations of the preceding paragraphs are incorporated herein by reference as if set forth at length.

13.     On Friday, December 13, 2013, plaintiff was traveling on the Bingham Street Bridge into the City of Reading, Pennsylvania, a public roadway.

14.     A cruiser owned and operated by the City of Reading Police Department was parked by the side of the street with its lights flashing where plaintiff was.

15.      Bright orange security cones lined the lane where plaintiff was driving.  Plaintiff was in the right hand lane and the lane to plaintiff's left was full of traffic such that he could not pull over to change lanes.

16.     Defendant Doe stepped out into plaintiff's lane of traffic, blocked his further advance, and flagged him to pull off the public road into a parking lot on Laurel Street.

17.     Having no ability to advance further on the road, and with no ability to move into the left-hand lane because of traffic, plaintiff drove into the parking lot.

18.     In the parking lot were five to seven improvised parking spaces outlined on three sides with orange security cones.  Nieves pulled into one of these security cones.

19.     Nieves reasonably believed under the totality of the circumstances that he was being stopped by the Reading Police Department because of the flashing lights of the police car on the street, the fluorescent orange cones on the street and in the parking lot, and the presence of a police car in the parking lot that was occupied by a police officer.

20.     Jane Doe, a woman with a clipboard came up to plaintiff's car and began to speak to him.

21.     Jane Doe spoke quickly and said several things, including that plaintiff was not being cited, that plaintiff had done nothing wrong and that plaintiff was not being "pulled over."

22.     The last statement was clearly false, because plaintiff had only pulled over after John Doe had stepped into the middle of plaintiff's lane of traffic on the public street and flagged plaintiff into the parking lot, all while lights were flashing on the police car parked at the location.

23.     Defendant Doe stated that the purpose of the stop was a survey of drivers' behavior and that she wanted to take a cheek swab to check for the presence of prescription drugs.  She also stated that plaintiff would be paid if plaintiff agreed to the same.

24.     Plaintiff refused to provide the cheek swab she requested.

25.     Jane Doe then tried a second time to convince plaintiff into providing a cheek swab.

26.     Plaintiff again refused to provide a swab.

27.     A third time Jane Doe again tried to coerce plaintiff into giving a cheek swab.

28.     At this point plaintiff stated to her very firmly, "No.  Thank.  You."

29.     Jane Doe then tried to hand plaintiff a pamphlet, which plaintiff did not accept.

30.     Jane Doe then walked away from plaintiff's car.

31.     Plaintiff then tried to exit the parking lot but found no means of egress.  Other cars had by then also apparently been pulled off the road.

32.     Several feet away in the parking lot the City of Reading police officer was sitting in his police car, and he pointed toward the entrance to the parking lot through which plaintiff had entered as though plaintiff should exit that way.

33.     Plaintiff then left the parking lot.

34.     Upon information and belief plaintiff avers that John Doe and Jane Doe were acting as employees or authorized agents of a private corporation known as the Pacific Institute for Research and Evaluation ("PIRE").

35.     On information and belief plaintiff avers that PIRE receives money from the federal government to research the driving habits of motorists.

36.     On information and belief plaintiff avers that PIRE contracted with the City of Reading and/or the Reading Police Department, with the approval and authorization Mayor Vaughn Spencer and/or Chief William Heim, and paid money to either or both of such entities to conspire to stop plaintiff and other motorists without probable cause or reasonable suspicion to believe that he, she or they had violated any law or provision of the Vehicle Code, and without satisfying the prerequisites for a legal sobriety checkpoint as mandated by the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, and the laws of Pennsylvania.

37.     At all times plaintiff reasonably believed that he was under compulsion to stop his vehicle, to stay and interact with Jane Doe, that he was being detained, and that if he should try to leave he would be subject to arrest and prosecution.

38.     Defendants PIRE, John Doe and Jane Doe's knowing combination with Defendants City of Reading, Spencer and Vaughn in implementation of the Suspicionless

Seizure Policy render them state actors for purposes of liability under 42 U.S.C. §§ 1983, 1985 and 1988.

**First Cause of Action – U.S. Const. Amend. IV**
**Permanent Injunction Against Prospective Enforcement of**
**Unconstitutional Policy of Seizure of Motor Vehicles**

39.     The allegations of the preceding paragraphs are incorporated herein by reference as if set forth at length.

40.     The City of Reading, Defendant Spencer and Defendant Heim, acting through the Reading Police Department, maintained and continue to maintain a policy of stopping motorists without court warrant, probable cause or even reasonable suspicion to believe that such motorists have committed a crime or violation of the Vehicle Code, all in the absent of exigent circumstances and without the establishment of a regular DUI checkpoint ("Suspicionless Seizure Policy").

41.     Such stops violate plaintiff's right against unreasonable seizures under the Fourth Amendment to the United States Constitution.

42.     Upon information and belief plaintiff avers that the Suspicionless Seizure Policy was adopted by the City of Reading through Mayor Spencer and Chief Heim, the highest decision-makers for day-to-day police policy, and was developed in concert with PIRE.

43.     Plaintiff as a resident of the City of Reading drives on the streets of Reading every day, and Defendants City of Reading, Spencer, Heim and PIRE must be permanently enjoined from further implementation of the Suspicionless Seizure Policy which violates plaintiff's rights under the Fourth Amendment.

WHEREFORE, Plaintiff prays this Honorable Court to PERMANENTLY ENJOIN Defendants City of Reading, Spencer, Heim and PIRE from implementing and enforcing the

6

Suspicionless Seizure Policy as a violation of plaintiff's right to protection against unreasonable seizure under the Fourth Amendment, and further award attorneys fees, costs of suit and whatsoever other relief as is just and equitable.

**Second Cause of Action – U.S. Const. Amend. IV**
**Monetary Damages against all Defendants for Violation of, and Conspiracy to Violate, Plaintiff's Fourth Amendment Right Against Unreasonable Seizures**

44.    The allegations of the preceding paragraphs are incorporated herein by reference as if set forth at length.

45.    Upon information and belief plaintiff avers that the policy was adopted by the City of Reading through Mayor Spencer and Chief Heim, and was developed in concert with PIRE.

46.    As such, Defendants City of Reading, Mayor Spencer, Chief Heim, and PIRE each acted, and did conspire together, to violate plaintiff's right to protection against unreasonable seizure as guaranteed by the Fourth Amendment.

47.    Such defendants' violation of plaintiff's rights under the Fourth Amendment was intentional, knowing, willful and wanton, requiring an award of punitive damages for violation of plaintiff's rights.

WHEREFORE, Plaintiff prays this Honorable Court to enter judgment against Defendants City of Reading, Mayor Spencer, Chief Heim and PIRE to compensate him for violation of his Fourth Amendment rights, punitive damages, nominal damages, and award attorneys fees, costs of suit and whatsoever other relief as is just and equitable.

**Third Cause of Action – False Imprisonment**
**Against Defendants PIRE, John Doe and Jane Doe**

48.    The averments of the foregoing paragraphs are incorporated herein by reference as if set forth at length.

49.     Defendants John Doe and Jane Doe held plaintiff against his consent when they forced him off the public road into the parking lot, held upon under conditions that plaintiff reasonably believed that he would be subject to arrest and prosecution if he were to leave without Jane Doe's consent.

50.     The actions of John Doe and Jane Doe were taken with the express

51.     Such action constituted a false imprisonment of plaintiff for which plaintiff must be compensated.

52.     Such defendants' violation of plaintiff's rights under the Fourth Amendment was intentional, knowing, willful and wanton, requiring an award of punitive damages for violation of plaintiff's rights.

WHEREFORE, Plaintiff prays this Honorable Court to enter judgment against Defendants City of Reading, Mayor Spencer, Chief Heim and PIRE to compensate him for violation of his Fourth Amendment rights, punitive damages, nominal damages, and award attorneys fees, costs of suit and whatsoever other relief as is just and equitable.

Respectfully submitted,

**AARON MARTIN LEGAL, LLC**

/s/ Aaron D. Martin

By:     _____

Aaron D. Martin
Pa. Atty. I.D. No. 76441
Attorney for Plaintiff Ricardo Nieves
423 McFarlan Rd., Ste. 100
Longwood Corp. Ctr. South
Kennett Square, PA  19348
(610) 444-2001
(610) 389-9634 (cell)
(610) 444-5819 (fax)
*amartin@aaronmartinlegal.com*

Date: December 24, 2013.

8